**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **BRUCE WAYNE HUEY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 7:12-CV-0097-HL-TQL** |
| **VS.** | : | |
| | : | |
| **Warden WILLIAM DANFORTH, et. al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER ON RECOMMENDATION</u>

Plaintiff **BRUCE WAYNE HUEY**, an inmate currently confined at the Coffee County Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the United States Magistrate Judge conducted a preliminary review of Plaintiff's Complaint and thereafter recommended the dismissal of certain claims and parties. Plaintiff has since filed both a timely Objection (ECF No. 21) to the Magistrate Judge's Recommendation (ECF No. 17) and an Amended Complaint (ECF No. 22). In both filings, Plaintiff attempts to supplement and amend his initial Complaint.

The Court has now considered Plaintiff's Objection and conducted a preliminary review of Plaintiff's Amendment under 28 U.S.C. § 1915A(a). Plaintiff's objections to the Recommendation are without merit and are thus **OVERRULED**. Plaintiff's Amended Complaint also fails to state claims against Defendants William Danforth, Sherman Maine, and Cecilia Linder. These claims, Plaintiff's claims against Defendant Calvin Orr, and Plaintiff's claims for injunctive relief are accordingly **DISMISSED without prejudice**. However, in light of his newly added allegations, Plaintiff will be permitted to go forward with his claim against Defendant "OC2 Rizer/Anderson." <u>See</u> Fed. R. Civ. P. 15(a). This Defendant shall be served.

## STANDARD OF REVIEW

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court is still required dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## STATEMENT AND ANALYSIS OF CLAIMS

Through the present action, Plaintiff Bruce Wayne Huey alleges that officials at Valdosta State Prison (1) unlawfully interfered with his incoming mail and (2) retaliated against him for exercising his First Amendment right to free speech.  After construing all allegations in his favor, the United Magistrate Judge Thomas Q. Langstaff found that Plaintiff had sufficiently alleged a claim against Defendant Cecilia Linder for "regularly and unjustifiably" interfering with the delivery of his incoming mail.  Plaintiff's Complaint also sufficiently alleged that Defendant Ted Philbin retaliated against him for filing lawsuits and grievances.  These First Amendment claims were permitted to go forward.   It was recommended, however, that all other claims and Defendants be dismissed.

Plaintiff now objects to a large part of the Recommendation and has filed an Amended Complaint in an effort to supplement his initial allegations against Defendants OC2 Rizer/Anderson, Cecilia Linder, William Danforth, and Sherman Maine.  Plaintiff does not object to the dismissal of either his claims against Officer Calvin Orr or his claims for injunctive relief.

### A.  Amended Claim against Officer Rizer/Anderson

In his original Complaint, Plaintiff failed to make any allegations against Officer "Rizer/Anderson."   The Magistrate Judge thus correctly recommended that this Defendant be dismissed.  See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980).  In his Amended Complaint, however, Plaintiff alleges that Defendant Rizer/Anderson is the officer responsible for the delivery of inmates' personal mail and the person who intentionally interfered with his receipt of a political newsletter, "American's Sovereign Bulletin."  Defendant Rizer/Anderson apparently told Plaintiff that his newsletter had been "blocked" because she was aware of the material's contents.

The First Amendment does of course "protect the right to receive and possess newspapers and similar publications."   O'Connor v. Carnahan, no. 3:09cv224/WS/EMT, 2012 WL 2201522 at * 15 (N.D. Fla. March 27, 2012) (citing Beard v. Banks, 548 U.S. 521, 543, 126 S.Ct. 2572, 165

3

L.Ed.2d 697 (2006) (J. Stevens, dissenting)).  "A prisoner retains these rights, balanced against prison security and administrative concerns."  Id. (citing Turner v. Safley, 482 U.S. 78, 84–93, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

Here, Defendant Rizer/Anderson may have had legitimate security or administrative reasons for blocking Plaintiff's receipt of the newsletter.  However, the Complaint, when liberally construed, alleges that she did not, and at this early stage in the litigation, the Court cannot yet determine how Defendant will justify or explain the alleged her interference with Plaintiff's incoming mail. Therefore, the Court will, in light Plaintiff's new allegations, allow Plaintiff's First Amendment claim against Defendant Rizer/Anderson to go forward.

B. Amended Claims against Defendant William Danforth

Plaintiff's initial Complaint also named Warden Danforth as a defendant but failed to state claim against him.  Plaintiff has now added allegations that Warden Danforth violated his constitutional rights by failing to investigate his complaints and denying his grievance.  Plaintiff further alleges that Warden Danforth violated his rights by ordering his transfer to another prison after learning of his protected conduct.  Neither of these conclusory allegations support a claim.

As explained by the United States Magistrate Judge, a prison warden may not be held liable for damages based merely on his failure to respond to an inmate's letter of complaint.  See Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982).  Nor may he be held liable based solely on his denial of a prisoner's grievance.  See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (" . . . denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prisoner failed to state a claim where only alleged that defendants denied his administrative grievances and failed to remedy the unlawful behavior).

Plaintiff's allegations also fail to show the required causal connection to support a retaliation

claim against this Defendant.  See Jemison v. Wise, 386 F. App'x 961, 964 (11th Cir. 2010).  There is no suggestion of when or how Warden Danforth learned of Plaintiff's protected conduct or how his conduct can be linked to his transfer to another prison.  Obviously, Warden Danforth cannot be held liable, under §1983, for the actions of his subordinates under a theory of respondeat superior. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  Furthermore, Plaintiff has no constitutional right to remain in a particular institution.  Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)).

Plaintiff has thus failed to state a claim against Defendant Warden Danforth, and Plaintiff's claims will accordingly be **DISMISSED** without prejudice. 28 U.S.C. § 1915A(b)(1).

C. Claim against Defendant Cecilia Linder

Plaintiff also objects to the United States Magistrate Judge's recommendation that his First Amendment "access to courts" claim against Cecilia Linder be dismissed.   Again, as explained by the Magistrate Judge, to succeed on this claim, Plaintiff must allege an "actual injury in the pursuit of specific types of non-frivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). Plaintiff's Objection and Amended Complaint still fail to show this type of injury.    Plaintiff's objection is thus overruled, and this claim will be **DISMISSED** without prejudice. 28 U.S.C. § 1915A(b)(1).

F. Amended Claim against Defendant Sherman Maine

Plaintiff's Amended Complaint likewise fails to state a due process claim against Defendant Sherman Maine.  Plaintiff's amendments allege that Defendant Maine violated his right to due process by placing Plaintiff in segregation (even if he was only following an order from his superior) because  Defendant Maine did not allow Plaintiff to be heard or object to the transfer.

Obviously, to state a due process claim, Plaintiff's injuries must be "within the scope of the

Due Process Clause." Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). The United States Supreme Court has "identified two situations in which a prisoner can be further deprived of his liberty such that due process is required": (1) "where the change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," and (2) where "the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby, 195 F.3d at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Neither applies in this case. Indeed, nothing in Plaintiff's Amended Complaint suggests that he was deprived of his "liberty" within the meaning of the Fourteenth Amendment when he was placed in segregation or that he was otherwise entitled to due process. See id; see also Sandin, 515 U.S. at 484 (thirty day sentence in administrative segregation was not an atypical and significant hardship in the prison setting such that due process was required); Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) (prison transfers and changes in classification status do not require due process protections).

Plaintiff's due process claim against Defendant Sherman Maine will thus be **DISMISSED** without prejudice. See id.; 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered the Recommendation of the United States Magistrate Judge, Plaintiff's Objection, and his Amended Complaint. The Court has made a *de novo* determination of the portions of the Recommendation to which Plaintiff objects and has conducted a preliminary review of Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A(a). After careful consideration, the Court accepts and adopts the

findings and conclusions the United States Magistrate Judge.  Based on this and upon the Court's own findings, it is hereby **ORDERED** that Plaintiff's claims against Defendants Calvin Orr, William Danforth and Sherman Maine, any "access to courts" claim against Defendant Cecilia Linder, and Plaintiff's claims for injunctive relief be **DISMISSED without prejudice.**[1]  28 U.S.C. § 1915A(b)(1).  However, in light of his amended allegations, Plaintiff will be permitted to go forward with his claims Defendant "OC2 Rizer/Anderson."  See Fed. R. Civ. P. 15(a) (allowing a party to amend his pleading once as a matter of course within twenty-one days of service).

It is accordingly **ORDERED** that Defendant "OC2 Rizer/Anderson" be served and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of her duty to avoid unnecessary expenses and of the possible imposition of expenses for failure to waive service under Rule 4(d).

SO ORDERED, this 29th day of October, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr

---

[1] Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When *a pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice.").