**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

BRUCE WAYNE HUEY,                     :
                                      :
         Plaintiff,                   :
                                      :
VS.                                   :     7 : 12-CV-97 (HL)
                                      :
TED PHILBIN, *et al.,*                :
                                      :
         Defendants.                  :
_____ :

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendant Philbin's Motion to Dismiss, Defendants Linder and Rizer's[1] Motion to Dismiss, Defendants' Motion for Leave to File Corrected Response, and Plaintiff's Motion for Default Judgment, and Motion to Amend.   (Docs. 33, 36, 44, 45, 53).

**Background**

Plaintiff filed this action alleging that Defendants, employees of Valdosta State Prison ("VSP") at the time of the alleged offense, violated Plaintiff's First Amendment rights.   (Docs. 1, 22).   Plaintiff alleges that Defendant Deputy Warden Philbin transferred Plaintiff to a less desirable dorm because Plaintiff filed a "petition for writ of mandamus" against a prison administrative assistant.   Plaintiff maintains that Defendant Philbin also terminated Plaintiff from his job as a teacher's aide at the prison.   Plaintiff states that he was told by Defendant Philbin that he was transferred because his criminal history did not allow him to be housed in the more

---

[1] Plaintiff initially named Defendant OC2 **Rizer/Anderson** as a Defendant (Doc. 22). Defense counsel brought a Motion to Dismiss on behalf of Officer **Rizer**, and thereafter Plaintiff references Defendant Rizer in place of Defendant OC2 Rizer/Anderson (*see* Doc. 55).   The Court will assume the correct Defendant is Defendant Officer **Rizer**.

desirable dorm; however, Plaintiff maintains that he was told by other inmates that Defendant Philbin transferred Plaintiff because he filed a writ of mandamus.   Defendant Philbin is also alleged to have put a "hit" out on Plaintiff.

The Complaint and Amended Complaint state that Defendants Linder and Rizer interfered with the delivery of Plaintiff's incoming mail. (Docs. 1, 22).   Specifically, Defendant Rizer blocked delivery of Plaintiff's November/December issue of American's Sovereign Bulletin, and Defendant Linder delayed Plaintiff's receipt of his legal mail.

***Motions to Dismiss (Docs. 33, 45)***

Defendant Philbin filed a Motion to Dismiss alleging that Plaintiff failed to exhaust the administrative remedies available to him.   (Doc. 33).   Defendants Linder and Rizer filed a Motion to Dismiss alleging, in part, that Plaintiff failed to state a claim for which relief can be granted.   (Doc. 45).

**Defendant Philbin**

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of

> facts as true.  If, in that light, the defendant is entitled to have the
> complaint dismissed for failure to exhaust administrative remedies, it
> must be dismissed. . . . If the complaint is not subject to dismissal at
> the first step, where the plaintiff's allegations are assumed to be true,
> the court then proceeds to make specific findings in order to resolve
> the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendant Philbin's Motion and Plaintiff's Response reveals a conflict.   In Plaintiff's Response, Plaintiff maintains that he attempted to follow the grievance process, but was unable to successfully grieve his complaints.  (Doc. 55).   Defendant Philbin contends that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying the allegations against Defendant Philbin.  (Doc. 33-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis.   In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92.   To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal.   Georgia Dep't of Corrections SOP IIB05-001 § VI.   Administrative remedies must be exhausted at the time the legal action is brought.   *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendant Philbin contends, and supports with an affidavit from Shawn Emmons, the Chief Counselor at VSP, that Plaintiff did not exhaust any grievances regarding the claims alleged

against Defendant Philbin. (Doc. 33-2, Emmons Affidavit).   The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed grievances related to the alleged claims against Defendant Philbin, copies of which Defendant Philbin has provided to the Court. (*Id.*; Docs. 33-4; 33-5; 33-7; 33-8).

On June 26, 2012, Plaintiff filed grievance number 123883 complaining that Defendant Philbin moved Plaintiff to "C Building" and "fired [Plaintiff] from education in retaliation" for Plaintiff filing a mandamus against an administrative assistant.   (Doc. 33-4).   The informal grievance was rejected because Plaintiff grieved more than one issue. (Docs. 33-2, Emmons Affidavit, ¶ 25; 33-4).   Plaintiff did not file a new grievance correcting the deficiency in grievance 123883, nor did he file a formal grievance and an appeal.   (Doc. 33-2, Emmons Affidavit, ¶ 26). As such, Plaintiff did not exhaust grievance 123883.

Plaintiff filed his second informal grievance, number 124336, on July 1, 2012, objecting to the rejection of his grievance.   (*Id.* at ¶ 27; Doc. 33-5).   The informal grievance was rejected because Plaintiff grieved more than one issue.   (Doc. 33-5).   Plaintiff did not file a formal grievance and an appeal.   Therefore, Plaintiff did not fully exhaust grievance number 124336.

On July 11, 2012, Plaintiff filed informal grievance 125619 complaining that, out of retaliation, he was placed in involuntary protective custody by Defendant Philbin without a formal hearing.   (Doc. 33-7).   This grievance was rejected because the grievance contained a non-grievable issue.   (*Id.*; Doc. 33-2, Emmons Affidavit, ¶ 30).   Plaintiff did not file a formal grievance and an appeal.   As such, grievance 125619 was not exhausted.

Plaintiff filed his fourth grievance, informal grievance 125685, on July 13, 2012.   (Doc. 33-2, Emmons Affidavit, ¶ 31).   Informal grievance 125685 complained that Defendant Philbin retaliated against Plaintiff by moving him to "C building" and firing him from his position as a

teacher's aide because Plaintiff requested a copy of his social security card.   (*Id.*; Doc. 33-8).
This grievance was denied because it contained more than one issue.   (Docs. 33-2, Emmons
Affidavit, ¶ 32; 33-8).   Plaintiff did not file a formal grievance and an appeal, and thus, grievance
125685 was not exhausted.

Plaintiff alleges that his grievances contained only one issue, Defendant Philbin's retaliatory
actions.   (Doc. 55).   Regardless of the number of issues contained in Plaintiff's grievances,
Plaintiff failed to "us[e] all steps" in the administrative process, or comply with procedural rules.
*See Woodford*, 548 U.S. at 90 – 91.   Plaintiff did not complete an informal grievance, formal
grievance, and appeal complaining of the offenses alleged against Defendant Philbin.   *See Emmett
v. Walker*, 2009 WL 2192650, *5 (S.D. Ga., July 23, 2009) (finding the plaintiff did not exhaust
his administrative remedies when he failed to file an informal grievance that complied with the
policies in place, and therefore failed to use all three steps of the grievance process).   Therefore,
his grievances were not exhausted.

Plaintiff has failed to refute Defendant Philbin's evidence that Plaintiff failed to exhaust the
administrative remedies available to him.   The Court finds that the Plaintiff has not exhausted the
claims underlying the allegations against Defendant Philbin, in that, he failed to utilize the
available administrative remedies to properly and completely grieve the alleged subject offenses of
Defendant Philbin.   Accordingly, it is the recommendation of the undersigned that Defendant
Philbin's Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the
recommendation contained herein with the Honorable Hugh Lawson, United States District
Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this
Recommendation.

**Defendants Linder and Rizer**

Defendants Linder and Rizer have filed a Motion to Dismiss asserting that Plaintiff has failed to state a claim for which relief can be granted as to the claims alleged against them.   (Doc. 45-1).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level"   *Bell Atlantic Corp.   v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal,* 129 S.Ct.1937,1949 (2009) (quoting *Twombly,* 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation."   *Id.*   The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible."   *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   "Threadbare recitals of the elements of a

6

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). "[A] prison inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003); *see also Corker v. Cannon*, 2008 WL 1847304, *2 (M.D. Fla., April 24, 2008). "Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming of legal mail.'" *Davis*, 320 F.3d at 351 (quoting *Cancel v. Goord*, 2001 WL 303713 (S.D.N.Y., Mar. 29, 2001)).

## *Defendant Linder*

Plaintiff alleges that Defendant Linder interfered with the delivery of his incoming mail by "backstamping" Plaintiff's mail on two occasions, incorrectly showing that Plaintiff received his mail before the date it was actually received. (Doc. 1). Plaintiff also alleges that he received other mail between three to ten days after it was postmarked.

7

Specifically, Plaintiff alleges that on July 5, 2011, Defendant Linder "backstamped" a letter postmarked June 30, 2011 with a date of receipt of June 6, 2011.   On July 18, 2011, Defendant Linder "backstamped" two pieces of mail, one postmarked June 14, 2011 and one postmarked June 28, 2011, with a date of receipt of June 3, 2011.   At most, Plaintiff alleges that Defendant Linder incorrectly dated Plaintiff's mail on two occasions.   Plaintiff has not alleged that Defendant Linder's "backstamping" was intentional or caused Plaintiff any harm.   As such, the Complaint does not state a claim against Defendant Linder for interfering with the delivery of Plaintiff's incoming mail.   *See Davis*, 320 F.3d at 351 (allegations of two incidents of mail interference did not warrant relief where the plaintiff failed to allege invidious intent or actual harm).

Furthermore, "courts have held that a delay in delivery of mail to prisoners is not unconstitutional so long as the delay is not unreasonable."   *Scaff-Martinez v. Reese*, 2012 WL 6754889, *15 (N.D. Ala., Aug. 31, 2012).   Receiving mail three to ten business days after the piece of mail was postmarked is not an unreasonable delay.   *See Rowe v. Shake*, 196 F.3d 778, 782-83 (7th Cir. 1999) (the plaintiff failed to state a claim when he alleged 34 pieces of his mail were delayed between two days and twenty-six days because the delays in receiving mail "were relatively short-term and sporadic"); *May v. Garnett*, 2005 WL 2001306, *1-2 (S.D. Ill., Aug. 19, 2005) (finding the plaintiff failed to state a claim when he alleged a delay of two to three weeks in sending and receiving his mail).   Thus, Plaintiff has failed to state a claim for which relief can be granted as to the allegations that Defendant Linder interfered with his mail.

### Defendant Rizer

Plaintiff alleges that he did not receive his November/December issue of American's

Sovereign Bulletin because Defendant Rizer blocked it.   (Doc. 22, ¶ 10).   "[A]llegations of sporadic interference with incoming mail are insufficient to state a First Amendment claim."   *Pro v. Bandy*, 2008 WL 4445080, *3 (N.D. Ga., Sept. 25, 2008).   Plaintiff's allegation that on one occasion he did not receive his American's Sovereign Bulletin does not rise to the level of a constitutional violation, and therefore Plaintiff has failed to state a First Amendment claim against Defendant Rizer.   *See Pro*, 2008 WL 4445080 at *3 ("Plaintiff's failure to receive a newspaper on four occasions is insufficient to state a First Amendment claim"); *Davis*, 320 F.3d at 351 (allegations of two incidents of mail interference did not warrant relief where the plaintiff failed to allege invidious intent or actual harm); *McKinnon v. James*, 2005 WL 1074466, *3 (D. Conn., May 5, 2005) ("To state a claim for the violation of [the First Amendment right to free flow of mail] . . . an inmate must allege more than a single instance of interference with his mail.").

## *Conclusion*

The Court finds that Plaintiff has failed to state a claim for which relief can be granted as to the claims alleged against Defendants Linder and Rizer.   Accordingly, it is the recommendation of the undersigned that Defendants Linder and Rizer's Motion to Dismiss be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

## *Motion for Default Judgment (Doc. 36)*

Plaintiff filed a Motion for Default Judgment on January 4, 2013, requesting judgment be entered against Defendants because they had not filed an "answer or other defense".   Defendants responded that they were not in default and had timely filed responses to the Complaint.   (Doc.

39).   As a result of Defendants' Response, Plaintiff filed a reply stating that he had erred in his calculations and interpretation of the Federal Rules of Civil Procedure, and stated that he did not object to the denial of his Motion for Default Judgment.   (Doc. 42).   Accordingly, Plaintiff's Motion for Default Judgment is hereby **DENIED as moot.**

### *Motion to Amend (Doc. 44)*

In January of 2013, Plaintiff filed a Motion to Amend, wherein he seeks to add a claim of retaliation against Defendant Philbin because he transferred Plaintiff in "hopes of deterring his § 1983 lawsuit".   Plaintiff also seeks to add as defendants Ms. Ruis, Ms. Hutchinson, Ms. Reed, and Captain Jones, all employees at Coffee County Correctional Facility ("CCCF"), because they interfered with his legal mail.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
>> (A)   21 days after serving it, or
>> (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Plaintiff has previously filed at least one Amended Complaint which was incorporated into the case as a matter of right.   (Docs. 22, 23).   Plaintiff may only be granted <u>one</u> amendment as a matter of right.   As Defendant has not consented to Plaintiff's pending proposed amendment, Plaintiff's only remaining means to amend is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of

the district court and is not automatic.  *Nat≠. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend."  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his Motion to Amend, Plaintiff has only made conclusory allegations against Defendant Philbin.   Plaintiff attempts to assert a new claim against Defendant Philbin by alleging legal conclusions that are couched as factual assertions.   Plaintiff has alleged no facts to support his conclusion that he was transferred as retaliation by Defendant Philbin, and/or to deter this lawsuit.  Therefore, Plaintiff's proposed claim against Defendant Philbin would invariably be dismissed for failure to state a claim, and thus, is futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Additionally, Plaintiff's Motion to Amend would cause undue prejudice to Defendants.   At the time Plaintiff filed this Motion to Amend, Defendant Philbin had already filed a Motion to Dismiss. (Doc. 33).   Plaintiff filed this Motion to Amend over five (5) months after filing his Complaint, more than three (3) months after his first Motion to Amend, and approximately one (1) month after Defendant Philbin filed his Motion to Dismiss.   (*See* Docs. 1, 22, 33).   More importantly, Plaintiff's new claims are alleged to have taken place beginning August 23, 2012,

11

which was only two and a half weeks after he filed his Complaint, and approximately a month and

a half before he filed his first Amended Complaint.   (Docs. 1, 22, 44).   Plaintiff has failed to

provide an explanation as to why he waited about five (5) months to seek this amendment.   If

Plaintiff was allowed to amend at this late date, it would cause undue delay and prejudice as

several new claims and defendants would be added after Motions to Dismiss have been filed.

Plaintiff is also attempting to add defendants and claims that do not arise out of the current

case.   Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, defendants may be

joined in one action if

> (A)   any right to relief is asserted against them jointly, severally,
> or in the alternative with respect to or arising out of the
> same transaction, occurrence, or series of transactions or
> occurrences; and
> (B)   any question of law or fact common to all defendants will
> arise in the action.

The events related to CCCF alleged in Plaintiff's Motion to Amend do not arise out of the

same transactions alleged in Plaintiff's original Complaint.   The new claims involve different

defendants, and arise from events which occurred at a different prison facility.   At most, Plaintiff

has alleged that the mailroom employees at VSP told the mailroom employees at CCCF about

Plaintiff's conduct before the transfer.   Plaintiff has not shown how the newly asserted claims

logically relate to the original Complaint, or logically relate to the current Defendants.   *See*

*Nichols v. Head*, 2010 WL 4261395, *3 (M.D. Ga. Oct. 21, 2010) (denying the plaintiff's motion

to amend because the plaintiff "failed to show a logical relationship between his claims" in the

original complaint and the claims in his motion to amend); *Williams v. Eves*, 2010 WL 1955934,

*2 (S.D. Ga. March 1, 2010) (denying the plaintiff's motion to add defendants when the plaintiff

failed to show a logical connection between his claims against the named defendants and his newly alleged claims against defendants at a different prison facility).

As the Motion to Amend does not arise out of the same events described in the original Complaint, comes after undue delay, would cause Defendants undue prejudice, and is futile in part, Plaintiff's Motion to Amend is hereby **DENIED**.

***Motion for Leave to File Corrected Response (Doc. 53)***

Defendants filed a Motion for Leave to File *Corrected* Response in Opposition to Plaintiff's Motion to Amend asserting that they inadvertently filed the wrong document in response to Plaintiff's Motion to Amend.   Defendants attached the correct response to this Motion.   Upon consideration of Defendants' Motion for Leave to File *Corrected* Response in Opposition to Plaintiff's Motion to Amend, that Motion is hereby **GRANTED**.

SO ORDERED AND RECOMMENDED, this 12th day of June, 2013.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf